**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (Sate Bar N. 264916)
2121 North California Boulevard, Suite 1010
Walnut Creek, CA 94596
Telephone:  (925) 482-1515
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
            swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, NY  10017
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*
[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISON

| | |
|---|---|
| IN RE HAIER FREEZER CONSUMER LITIGATION | Case No. C11-02911 EJD<br>Hon. Edward J. Davila<br><br>**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Christopher Collins, Marco Grasso and Robert A. Douglas (collectively "Plaintiffs"), by their undersigned attorneys, bring this class action complaint against Haier America Trading, LLC and the General Electric Company.  Plaintiffs' allegations are based upon personal knowledge as to their own acts and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.      This is a class action against Haier America Trading, LLC ("Haier") and the General Electric Company ("GE") for selling freezers illegally in violation of the energy efficiency standards established by the National Appliance Energy Conservation Act ("NAECA"), codified at 42 U.S.C. §§ 6291-6309, and for misrepresenting the energy efficiency of such freezers on the ENERGYGUIDE labels affixed thereto.  The "Mislabeled Freezers" include the following models:

Haier HMC050

Haier HNCM070E

Haier HUF205EA

GE Model FCM7SU (manufactured by Haier)

2.      NAECA establishes Federal standards for energy consumption for freezers and other home appliances.  The energy consumption standards vary depending on the size and configuration of the freezer.  For a 5 cubic-foot compact chest freezer, such as the Haier HMC050, the maximum energy consumption allowed by NAECA is 242 kWh/yr (kilowatt-hours per year).  For a 7 cubic-foot compact chest freezer, such as the Haier HNCM070E and GE Model FCM7SU, the maximum energy consumption allowed by NAECA is 279 kWh/yr.  For a 20.5 cubic-foot upright freezer with automatic defrost, such as the Haier HUF205EA, the maximum energy consumption allowed by NAECA is 767 kWh/yr.  Each of the Mislabeled Freezers consumes more energy than is permitted by these standards.

3.      Haier and GE affixed ENERGYGUIDE labels to the Mislabeled Freezers that substantially understated their actual energy consumption, and showed energy consumption levels that complied with NAECA.  Independent testing later showed those labels were false, and that the

Mislabeled Freezers consumed substantially more energy than what was represented on the EnergyGuide labels.

4.      Plaintiff Christopher Collins purchased a GE Model FCM7SU freezer on January 22, 2010 at a retail store in San Jose, CA.  Mr. Collins paid $150.00 plus $13.88 in sales tax to purchase this freezer.

5.      Plaintiff Marco Grasso purchased a GE Model FCM7SU freezer in 2010 at a retail store in San Rafael, CA.  Mr. Grasso paid approximately $150 to purchase this freezer.

6.      Plaintiff Robert Douglas purchased the same freezer on November 24, 2010 at a retail store in Cleveland, Tennessee.  Mr. Douglas paid $168.00 plus $16.38 in sales tax to purchase this freezer.

7.      The energy efficiency standards established by NAECA require GE Model FCM7SU to consume no more than 279 kWh/yr.  Haier and GE marked this freezer with an ENERGYGUIDE label stating it consumed 277 kWh/yr.  Independent testing later showed this freezer consumes 442 kWh/yr, which exceeds the maximum energy consumption permitted under NAECA by 163 kWh/yr.  Thus, it was illegal to sell this freezer in the United States.

8.      If the truth about the energy efficiency of these freezers had been disclosed, Mssrs. Collins, Grasso and Douglas would not have purchased them, and neither Haier nor GE would have been permitted to sell them, since it was and is illegal to sell these freezers in the United States.

/
/
/
/
/
/
/
/
/

9.     The truth about the Mislabeled Freezers was uncovered by independent testing conducted by Consumer Reports.  A summary of those test results is set forth below:

| MODEL | MAXIMUM ENERGY USE PERMITTED BY NAECA | LABELLED ENERGY USE | INDEP-ENDENT TEST RESULTS |
|---|---|---|---|
| HAIER HCM050EC | 242* | 240 | 444 |
| HAIER HNCM070E | 279 | 276 | 442 |
| GE FCM7SUWW | 279 | 277 | 442 |
| HAIER HUF205EA | 767 | 689 | 943 |

*All energy use figures are reported in kWh/yr (kilowatt-hours per year).

10.     Each of the Plaintiffs suffered a loss of money as a result of the illegal sale of the freezers in the amount of the purchase price paid.  They also suffered and continue to suffer loss of money in the form of increased energy costs.

11.     The Association of Home Appliance Manufacturers ("AHAM") – which counts both GE and Haier among its members – estimates that chest freezers have an average useful life of 18 years and upright freezers have an average useful life of 15 years.[1]  The actual energy consumption of the Mislabeled Freezers purchased by each of the Plaintiffs exceeds the maximum allowed by NAECA by 163 kWh/yr.

12.     Over an assumed 18-year life of a chest freezer, starting with the average energy retail price for residential consumers in California in 2010 (14.65 cents / kWh), and assuming energy prices will experience a compound annual growth rate of 1.616%, Mssrs. Collins and Grasso will pay $492.49 in additional energy costs, over and above what they would have paid if the freezers actually met the maximum energy consumption standard permitted by NAECA.  Mssrs.

---

[1] AHAM's estimates of the Average Useful Life of Major Home Appliances are available at http://www.aham.org/industry/ht/a/GetDocumentAction/id/5271 (accessed September 15, 2011).

Collins and Grasso will pay $498.54 in additional energy costs, over and above what they would have paid if the freezers actually met the energy consumption standard stated on their ENERGYGUIDE labels.

13.     Over an assumed 18-year life of a chest freezer, starting with the average energy retail price for residential consumers in Tennessee for 2010 (8.19 cents / kWh), and assuming energy prices will experience a compound annual growth rate of 2.770%, Mr. Douglas will pay $341.08 in additional energy costs, over and above what he would have paid if the freezer actually met the maximum energy consumption standard permitted by NAECA.  Mr. Douglas will pay $345.27 in additional energy costs, over and above what he would have paid if the freezer actually met the energy consumption standard stated on its ENERGYGUIDE label.

14.     The financial losses in the form of increased energy costs can similarly be calculated for each model purchased by class members in California:

| MODEL | MAXIMUM ENERGY USE PERMITTED BY NAECA | LABELLED ENERGY USE | INDEP-ENDENT TEST RESULTS | EXCESS ENERGY COSTS OVER NAECA (Calif.) | EXCESS ENERGY COSTS OVER LABEL (Calif.) |
|---|---|---|---|---|---|
| HAIER HCM050EC | 242* | 240 | 444 | $ 610.33 | $ 616.37 |
| HAIER HNCM070E | 279 | 276 | 442 | $ 492.49 | $ 501.56 |
| GE FCM7SUWW | 279 | 277 | 442 | $ 492.49 | $ 498.54 |
| HAIER HUF205EA | 767 | 689 | 943 | $ 427.44 | $ 616.88 |

*All energy use figures are reported in kWh/yr (kilowatt-hours per year).

/
/
/
/

The financial losses in the form of increased energy costs can similarly be calculated for each model purchased by class members in Tennessee:

| MODEL | MAXIMUM ENERGY USE PERMITTED BY NAECA | LABELLED ENERGY USE | INDEP-ENDENT TEST RESULTS | EXCESS ENERGY COSTS OVER NAECA (Tenn.) | EXCESS ENERGY COSTS OVER LABEL (Tenn.) |
|---|---|---|---|---|---|
| HAIER HCM050EC | 242* | 240 | 444 | $ 422.69 | $ 426.87 |
| HAIER HNCM070E | 279 | 276 | 442 | $ 341.08 | $ 347.36 |
| GE FCM7SUWW | 279 | 277 | 442 | $ 341.08 | $ 345.27 |
| HAIER HUF205EA | 767 | 689 | 943 | $ 301.40 | $ 434.98 |

*All energy use figures are reported in kWh/yr (kilowatt-hours per year).

A similar calculation can be done for class members in each state.

**THE PARTIES**

15.     Plaintiff Christopher Collins is a citizen of California who resides in San Jose, California.  Mr. Collins is a consumer within the meaning of California Civil Code §1761(d) in that he purchased the Mislabeled Freezer "for personal, family or household purposes."

16.     Plaintiff Marco Grasso is a citizen of California who resides in Novato, California. Mr. Grasso is a consumer within the meaning of California Civil Code §1761(d) in that he purchased the Mislabeled Freezer "for personal, family or household purposes."

17.     Plaintiff Robert A. Douglas is a citizen of Tennessee who resides in Cleveland, Tennessee.

18.     Defendant Haier is a New York limited liability company with its principal place of business in New York, New York.  Haier is a subsidiary of Haier Group, based in China.  Haier is one of the world's leading manufacturers of consumer electronics and home appliances.  Haier represents that it is "a leader for room air conditioner, compact refrigerator, and wine cellar sales, as

1  well as a leading force in home appliances, compact laundry, compact freezer and HDTV sales."

2  Haier manufactures and distributes freezers sold under the brand names Haier, GE, Kenmore,

3  Maytag and Amana.

4        19.    Defendant GE is a New York corporation with its principal place of business in

5  Fairfield, Connecticut.  The company operates through five segments: Energy, Technology

6  Infrastructure, NBC Universal, Capital Finance and Consumer & Industrial.  As part of GE's

7  Consumer and Industrial Segment, GE markets and sells home appliances, including its line of GE

8  branded freezers manufactured by Haier.

9                        **JURISDICTION AND VENUE**

10       20.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)  because

11  there are more than 100 class members and the aggregate amount in controversy exceeds

12  $5,000,000.00, exclusive of interest, fees, and costs.  Furthermore, at least one Class member is a

13  citizen of a state diverse from Defendants.

14       21.    This Court has personal jurisdiction over Defendants because Defendants conduct

15  substantial business within the State of California, such that Defendants have significant,

16  continuous and pervasive contacts with the California.  Defendant GE is also registered with the

17  California Secretary of State to conduct business within California.

18       22.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a

19  substantial part of the events giving rise to the claims enumerated herein occurred in this judicial

20  District, and Defendants transact significant business throughout this District.

21       23.    Pursuant to Civil Local Rule 3-2(e), the Federal Courthouse located in San Jose,

22  California is the proper vicinage for this matter because this action arises in Santa Clara County.

23                 **CLASS ACTION ALLEGATIONS**

24       24.    Plaintiffs seek to represent a class defined as all persons in the United States who

25  purchased a Mislabeled Freezer (hereafter, the "Class").  Excluded from the class are persons or

26  entities that purchased a Mislabeled Freezer for resale, Haier and its subsidiaries and affiliates, and

27  GE and its subsidiaries and affiliates.

28

25.     Plaintiffs Collins and Grasso seek to represent a subclass defined as all Class Members who are California residents or who purchased a Mislabeled Freezer within the State of California (hereafter, the "California Subclass").

26.     Plaintiffs Collins and Grasso further seek to represent a subclass defined as all California Subclass members who purchased a Mislabeled Freezer for personal, family or household purposes (hereafter the "California Consumer Subclass").

27.     Members of the Class, the California Subclass and the California Consumer Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class, California Subclass, and the California Consumer Subclass number in the tens of thousands.  The precise number of Class and subclass members and their identities are unknown to Plaintiff at this time but will be determined through discovery.  Class and subclass members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

28.     Common questions of law and fact exist as to all Class, California Subclass, and California Consumer Subclass members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

(a)     whether the sale of the Mislabeled Freezers was illegal;

(b)     whether Haier and GE misrepresented the energy efficiency of the Mislabeled Freezers;

(c)     whether Class, California Subclass, and California Consumer Subclass members suffered a loss of money or property as a result of the illegal sales;

(d)     whether Class, California Subclass, and California Consumer Subclass members suffered a loss of money or property as a result of Haier's and GE's misrepresentations concerning the energy efficiency of the Mislabeled Freezers; and

(e)     whether Class, California Subclass, and California Consumer Subclass members are entitled to damages, restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

29.     Plaintiffs' claims are typical of the claims of Class, California Subclass, and California Consumer Subclass members because Plaintiff and each member of the Class purchased a Mislabeled Freezer, and suffered a loss of money as a result of that purchase.

30.     Plaintiffs are adequate representatives of the Class, California Subclass, and California Consumer Subclass because their interests do not conflict with the interests of the Class, California Subclass, and California Consumer Subclass members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class, California Subclass, and California Consumer Subclass members will be fairly and adequately protected by Plaintiffs and their counsel.

31.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class, California Subclass, and California Consumer Subclass members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Haier's and GE's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT 1

### Unjust Enrichment

32.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

33.     Plaintiffs bring this claim individually and on behalf of the members of the nationwide Class against defendants Haier and GE.

34.     "The unjust enrichment claim can be made from common classwide proof." *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 239 (C.D. Cal. 2003) (certifying a nationwide class where plaintiffs alleged defendants were unjustly enriched through a common scheme.).  "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched.  At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state."  *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), *quoting Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007).

35.     Plaintiffs and Class members conferred a benefit on Haier and GE by purchasing the Mislabeled Freezers.

36.     Haier and GE have been unjustly enriched by retaining the revenues derived from Class members' purchases of the Mislabeled Freezers, which retention under these circumstances is unjust and inequitable because the sale of the Mislabeled Freezers was illegal, and because Haier and GE misrepresented the energy efficiency of the Mislabeled Freezers, and caused the Plaintiffs and Class members to lose money as a result thereof.  Plaintiffs and Class members suffered a loss of money as a result of Haier's and GE's unjust enrichment because: (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers as more energy efficient than they actually were; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers over the life of the appliance.

37.     Because Haier's and GE's retention of the non-gratuitous benefit conferred on them by Plaintiffs and Class members is unjust and inequitable, Haier and GE must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

## **COUNT 2**

### **Intentional Misrepresentation**

38.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

39.     Plaintiffs bring this claim individually and on behalf of the members of the nationwide Class against defendants Haier and GE.

40.     Haier and GE willfully, falsely, and knowingly misrepresented material facts relating to the character and quality of the Mislabeled Freezers.  These misrepresentations were contained in the ENERGYGUIDE labels Haier and GE affixed to each Mislabeled Freezer, as well as on Haier's and GE's websites, in various media advertising, and point of sale materials disseminated or caused to be disseminated by Haier and GE, and their officers, agents, representatives, servants, or employees of Haier and GE, acting within the line and scope of their authority, so employed by Haier and GE to merchandise and market the Mislabeled Freezers.

41.     Haier's and GE's representations were made with the intent that the general public, including Plaintiffs and Class members, rely upon them.  Haier's and GE's representations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof.

42.     In actual and reasonable reliance upon Haier's and GE's misrepresentations, Plaintiffs and Class members purchased the Mislabeled Freezers for their intended and reasonably foreseeable purposes.  Plaintiffs and Class members were unaware that the sale of the Mislabeled Freezers was illegal, and were unaware of the true facts concerning the energy efficiency of the Mislabeled Freezers, which facts Haier and GE suppressed and failed to disclose.  If Plaintiffs and Class members had been aware of the suppressed facts, Plaintiffs and Class members would not have purchased the Mislabeled Freezers.

43.     Plaintiffs and Class members are informed and believe, and thereon allege, that Haier and GE misrepresented material facts with the intent to defraud Plaintiffs and Class members. Plaintiffs and Class members were unaware of the intent of Haier and GE and relied upon the representations of Haier and GE in agreeing to purchase the Mislabeled Freezers.

44.     Plaintiffs' and Class members' reliance on the representations of Haier and GE was reasonable.

45.     In actual and reasonable reliance upon Haier's and GE's misrepresentations, Plaintiffs and Class members purchased the Mislabeled Freezers and experienced energy usage far above the levels represented, the direct and proximate result of which was injury and harm to Plaintiffs and Class members because: (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers as more energy efficient than they actually were; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers.

## COUNT 3

### Fraudulent Concealment / Nondisclosure

46.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

47.     Plaintiffs bring this claim individually and on behalf of the members of the nationwide Class against defendants Haier and GE.

48.     Haier and GE knew at the time of sale that they had falsely reported the results of efficiency testing for the Mislabeled Freezers, and that such freezers did not meet the energy efficiency standards required by federal law or reported on the ENERGYGUIDE labels.

49.     Haier and GE fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the Class the actual energy consumption of the Mislabeled Freezers.

50.     Haier and GE had exclusive knowledge of the false energy efficiency ratings at the time of sale.  The defect (excess energy consumption) is latent and not something that Plaintiffs or Class members, in the exercise of reasonable diligence, could have discovered independently prior to purchase, because it is not feasible for individual consumers to conduct their own energy efficiency testing prior to purchase.

51.     Haier and GE had the capacity to, and did, deceive Plaintiffs and Class members into believing that they were purchasing freezers that could legally be sold in the United States, and also deceived Plaintiffs and Class members about the energy efficiency of the Mislabeled Freezers.

52.     Haier and GE undertook active and ongoing steps to conceal the defect.  Plaintiffs are aware of nothing in Haier's and GE's advertising, publicity or marketing materials that discloses the truth about the defect, despite Haier's and GE's awareness of the problem.

53.     The facts concealed and/or not disclosed by HAIER to Plaintiffs and the Class are material facts in that a reasonable person would have considered them important in deciding whether to purchase (or to pay the same price for) a freezer.

54.     Haier and GE had a duty to disclose a proper estimate of the energy consumption of the Mislabeled Freezers at the time of sale, including on the ENERGYGUIDE label required by federal law.

55.     Haier and GE intentionally concealed and/or failed to disclose a proper estimate of the energy consumption of the Mislabeled Freezers for the purpose of inducing Plaintiffs and the Class to act thereon.

56.     Plaintiffs and the Class justifiably acted or relied upon the concealed and/or nondisclosed facts to their detriment, as evidenced by their purchase of the Mislabeled Freezers.

57.     Plaintiffs and Class members suffered a loss of money as a result of Haier's and GE's fraudulent concealment and nondisclosure because: (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers as more energy efficient than they actually were; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers.

/

/

/

# COUNT 4

## Negligent Misrepresentation

58.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

59.     Plaintiffs bring this claim individually and on behalf of the members of the nationwide Class against defendants Haier and GE.

60.     Haier and GE represented that the Mislabeled Freezers were legal for sale in the United States, and that they had been tested and shown to have the levels of energy efficiency indicated on the ENERGYGUIDE labels.

61.     These representations were material facts that influenced Plaintiffs' and Class members' purchase of the Mislabeled Freezers.

62.     Haier and GE made these representations with the intent to induce Plaintiffs and Class members to act upon them purchasing the Mislabeled Freezers.

63.     At the time Haier and GE made these representations, Haier and GE knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

64.     Plaintiffs and Class members justifiably and detrimentally relied on these representations and, as a proximate result thereof, have and will continue to suffer damages in the form of lost money from the purchase price and increased energy costs over the life of the Mislabeled Freezers.

65.     Plaintiffs and Class members suffered a loss of money as a result of Haier's and GE's wrongful conduct because: (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers as more energy efficient than they actually are; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers.

**COUNT 5**

**Violation Of California's Unfair Competition Law ("UCL"),**

**Business & Professions Code §§ 17200 *et seq*.**

66.     Plaintiffs Collins and Grasso incorporate by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

67.     Plaintiffs Collins and Grasso bring this claim in their individual capacities and on behalf of the members of the proposed California Subclass against Defendants Haier and GE.

68.     Haier and GE are subject to the Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

69.     Haier and GE violated the "unlawful" prong of the UCL by selling the Mislabeled Freezers in violation of the energy efficiency standards established by the National Appliance Energy Conservation Act ("NAECA"), codified at 42 U.S.C. §§ 6291-6309.

70.     Haier and GE also violated the "unlawful" prong of the UCL by violating 16 C.F.R. § 305.4(d)(1), which provides:

> It shall be an unfair or deceptive act or practice in violation of section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. 45(a)(1), for any manufacturer, distributor, retailer or private labeler to make any representation in or affecting commerce, in writing (including a representation on a label) … with respect to the energy use or efficiency … or the cost of energy consumed by such product, unless such product has been tested in accordance with such test procedure and such representation fairly discloses the results of such testing.

71.     Haier and GE also violated the "unlawful" prong of the UCL by violating 16 C.F.R. § 305.5, which provides that the ENERGYGUIDE labels for residential freezers "must contain the model's estimated annual energy consumption as determined in accordance with" testing procedures outlined in 10 CFR § 430.23(b).

72.     Haier and GE also violated the "unlawful" prong of the UCL by violating California's False Advertising Law ("FAL") as described in Count 6, below.

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. C11-02911 EJD                                                                                  14

73.     Haier and GE also violated the "unlawful" prong of the UCL by violating California's Consumers Legal Remedies Act ("CLRA") as described in Count 7, below.

74.     Haier and GE also violated the "unfair" prong of the UCL by violating the policy and spirit of the foregoing laws, and also because the utility of Haier's and GE's conduct described herein is significantly outweighed by the gravity of the harms it imposed on consumers, and because Haier's and GE's business practices described herein are oppressive, unscrupulous or substantially injurious to consumers.

75.     Haier and GE also violated the "fraudulent" prong of the UCL by misrepresenting the energy efficiency of the Mislabeled Freezers.

76.     Plaintiffs Collins and Grasso and the California Subclass members suffered lost money or property as a result of these UCL violations because:  (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers as more energy efficient than they actually are; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiff Collins and Grasso and the California Subclass members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers.

## COUNT 6

### Violation of California's False Advertising Law ("FAL"),

### Business & Professions Code § 17500 *et seq*.

77.     Plaintiffs Collins and Grasso incorporate by reference and re-alleges each and every allegation set forth above as though fully set forth herein

78.     Plaintiff Collins and Grasso bring this claim in their individual capacities and on behalf of the members of the proposed California Subclass against Defendants Haier and GE.

79.     Haier and GE violated Business & Professions Code § 17500 by publicly disseminating misleading and false advertisements including information suggesting that the Mislabeled Freezers could legally be sold in the United States, and which significantly underreported the energy consumption of the Mislabeled Freezers.

80.     Haier's and GE's misleading and false advertisements were disseminated to increase sales of the Mislabeled Freezers.

81.     Haier and GE knew or should have known their false advertisements were untrue or misleading.

82.     Furthermore, Haier and GE publicly disseminated the false advertisements as part of a plan or scheme and with the intent not to sell the Mislabeled Freezers as advertised.

83.     Plaintiffs Collins and Grasso and the members of the California Subclass have suffered harm as a result of these violations of the FAL because: (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers as more energy efficient than they actually are; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiffs Collins and Grasso and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers.

84.     Pursuant to Bus. & Prof. Code § 17500, Plaintiffs Collins and Grasso seek an order of this Court permanently enjoining Haier and GE from continuing to publicly disseminate misleading and false advertisements as alleged herein.  Plaintiff also seeks an order requiring Haier to:

(a)     make full restitution for all monies wrongfully obtained; and

(b)     disgorge all ill-gotten revenues and/or profits.

## COUNT 7

**Violation of the Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et. seq.***

85.     Plaintiffs Collins and Grasso incorporate by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

86.     Plaintiffs Collins and Grasso bring this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendants Haier and GE.

87.     Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not

have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Haier and GE violated this provision by implicitly representing that the Mislabeled Freezers could legally be sold in the United States, and also by misrepresenting the energy consumption on the EnergyGuide labels affixed to each of the Mislabeled Freezers.

88.     Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Haier and GE violated this provision by implicitly representing that the Mislabeled Freezers could legally be sold in the United States, and also by misrepresenting the energy consumption on the EnergyGuide labels affixed to each of the Mislabeled Freezers.

89.     Civil Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."   Haier and GE violated this provision by implicitly representing that the Mislabeled Freezers could legally be sold in the United States, and also by misrepresenting the energy consumption on the EnergyGuide labels affixed to each of the Mislabeled Freezers.

90.     Plaintiff Collins, Grasso and the California Consumer Subclass members suffered injuries caused by Defendants' misrepresentations because: (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the Mislabeled Freezers; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiffs Collins and Grasso and the California Consumer Subclass members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers.

91.     Plaintiffs Collins and Grasso and California Consumer Subclass members suffered lost money or property as a result of these UCL violations because:  (a) they would not have purchased the Mislabeled Freezers on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the freezers as more energy efficient than they actually are; (c) the Mislabeled Freezers did not perform as promised; and (d) Plaintiffs Collins and Grasso and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Freezers.

92.     On June 13, 2011, prior to the filing of this Complaint, a CLRA notice letter was mailed to Haier and GE which complies in all respects with California Civil Code § 1782(a). Plaintiff Collins sent each Defendant a letter *via* certified mail, return receipt requested, advising both Haier and GE that they are in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770.  Defendants were further advised that in the event that the relief requested has not been provided within thirty (30) days, Plaintiff would seek monetary damages pursuant to the CLRA.  To date, Defendants have not responded to Plaintiff's CLRA notice letter.

## PRAYER FOR RELIEF

93.     WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.     For an order certifying the nationwide Class, the California Subclass and the California Consumer Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as Class Representative and their attorneys as Class Counsel to represent the Class members;

b.     For an order declaring that Defendants' conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiffs, the Class, the California Subclass, and the California Consumer Subclass on all counts asserted herein;

d.     For an order awarding compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For an order of restitution and all other forms of equitable monetary relief;

g.     For injunctive relief as pleaded or as the Court may deem proper; and

h.     For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

1

## DEMAND FOR TRIAL BY JURY

2
Plaintiff demands a trial by jury of all issues so triable.

3
Dated:  September 15, 2011.                    Respectfully submitted,

4

5

6
By: _____

7
L. Timothy Fisher

8

9
**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)

10
Sarah N. Westcot (Sate Bar No. 264916)
2121 North California Blvd., Suite 1010

11
Walnut Creek, CA 94596
Telephone:  (925) 482-1515

12
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com

13
swestcot@bursor.com

14
**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)

15
369 Lexington Avenue, 10th Floor
New York, NY 10017

16
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163

17
E-Mail:  scott@bursor.com

18
-and-

19
**FARUQI & FARUQI, LLP**
Vahn Alexander (State Bar No. 167373)

20
Christopher B. Hayer (State Bar No. 277000)
1901 Avenue of the Stars, Second Floor

21
Los Angeles, CA 90067
Telephone: (310) 461-1426

22
Facsimile: (310) 461-1427
Email:  valexander@faruqilaw.com

23
chayes@faruqilaw.com

24
**FARUQI & FARUQI, LLP**
Antonio Vozzolo

25
Adam Gonnelli
Christopher Marlborough

26
369 Lexington Avenue, 10th Floor
New York, New York 10017

27
Telephone:  (212) 983-9330
Facsimile:   (212) 983-9331

28

CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
CASE NO. C11-02911 EJD

19

Email: avozzolo@faruqilaw.com
          agonnelli@faruqilaw.com
          cmarlborough@faruqilaw.com

*Co-lead Interim Class Counsel*

I, Christopher Collins, declare as follows:

1.      I am a plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that defendants Haire and GE do business in Santa Clara County and a substantial portion of the transaction complained of occurred in Santa Clara County within the Northern District of California. I purchased a GE Model FCM7SU freezer in San Jose, California on January 22, 2010. I was not aware when I made this purchase that the sale of this freezer was illegal under federal law. This freezer was marked with an ENERGYGUIDE label stating its energy usage was rated at 277 kWh/yr, which is less than the 279 kWh/yr maximum permitted by federal law. The energy efficiency, as stated on the ENERGYGUIDE label, was a substantial factor influencing my decision to purchase this freezer. I would not have purchased the freezer if I had known that its actual energy use was nearly 60% higher than stated on the label, because I did not want to incur hundreds of dollars in additional energy costs. I certainly would not have purchased the freezer if I had known that the sale violated federal law. If I had not been exposed to the false representations on the ENERGYGUIDE label, I would not have purchased this freezer.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on June 13, 2011 at San Jose, California.

_____
Christopher Collins

1    I, Marco Grasso, declare as follows:

2    1.    I am a plaintiff in this action and a citizen of the State of California. I have personal

3    knowledge of the facts herein and, if called as a witness, I could and would testify competently

4    thereto.

5    2.    The Complaint filed in this action is filed in the proper place for trial under Civil

6    Code Section 1780(d) in that defendants Haier and GE do business in Marin County and a

7    substantial portion of the transaction complained of occurred in Marin County within the Northern

8    District of California. I purchased a GE Model FCM7SU freezer at a retail store in San Rafael,

9    California in 2010. I was not aware when I made this purchase that the sale of this freezer was

10   illegal under federal law. This freezer was marked with an ENERGYGUIDE label stating its

11   energy usage was rated at 277 kWh/yr, which is less than the 279 kWh/yr maximum permitted by

12   federal law. The energy efficiency, as stated on the ENERGYGUIDE label, was a substantial

13   factor influencing my decision to purchase this freezer. I would not have purchased the freezer if I

14   had known that its actual energy use was nearly 60% higher than stated on the label because I did

15   not want to incur hundreds of dollars in additional energy costs. I certainly would not have

16   purchased the freezer if I had known that the sale violated federal law. If I had not been exposed to

17   the false representations on the ENERGYGUIDE label, I would not have purchased this freezer.

18   I declare under the penalty of perjury under the laws of the State of California that the

19   foregoing is true and correct, executed on September 15, 2011 at Novato, California.

20

21

22                                          Marco Grasso
                                            Marco Grasso

23

24

25

26

27

28