UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: HAIER FREEZER CONSUMER LITIGATION | Case No.: 5:11-CV-02911-EJD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**[Re: Docket No. 80]** |

Presently before the court is Plaintiffs Christopher Collins, Marco Grasso, and Robert A. Douglas's (collectively, "Plaintiffs") Motion for Preliminary Approval of Class Action Settlement, Provisional Certification of Nationwide Settlement Class and Approval of Procedure for and Form of Notice. Dkt. No. 80. Defendant Haier America Trading, LLC ("HAT") does not oppose this motion. Dkt. No. 81. The court held a hearing on this matter on May 10, 2013. Having heard the parties' arguments and reviewed the parties' briefing and proposed documents, the court GRANTS Plaintiffs' motion.

**I.     BACKGROUND**

   **a. Litigation History**

On June 14, 2011, Christopher Collins filed a putative class action lawsuit against HAT and the General Electric Company ("GE") for allegedly selling freezers in violation of the energy

1

Case No.: 5:11-CV-02911-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

efficiency standards established by the National Appliance Energy Conservation Act ("NAECA"). Collins v. Haier Am. Trading, LLC et al., No. 11-cv-02911 (N.D. Cal. June 14, 2011). The next day, Robert Douglas initiated a substantially similar putative class action against the same defendants. Douglas v. Haier America Trading, LLC, et al., No. 11-CV-02950 (N.D. Cal. June 15, 2011). On August 17, 2011, this court consolidated the two actions and appointed Faruqi & Faruqi, LLP and Bursor & Fisher, P.A. as interim co-lead class counsel ("Class Counsel"). No. 11-CV-02911, Dkt. No. 35.

Plaintiffs filed their Consolidated Amended Class Action Complaint ("CAC") on September 15, 2011. Dkt. No. 40. The CAC added a third named plaintiff, Marco Grasso, and raised claims of unjust enrichment, intentional misrepresentation, fraudulent concealment/nondisclosure, negligent misrepresentation, violation of California's Unfair Competition Law ("UCL") Business & Professions Code §§ 17200 et seq., violation of California's False Advertising Law ("FAL") Business & Professions Code §§ 17500 et seq., and violation of the Consumer Legal Remedies Act ("CLRA") Civil Code §§ 1750 et seq.. Defendants moved to dismiss, and Plaintiffs responded by filing a motion for leave to file a Second Amended Class Action Complaint ("SCAC"). The proposed SCAC removed Mssrs. Collins, Douglas, and Grasso as named plaintiffs, removed GE as a defendant, added Linda Von Harten as the sole named plaintiff, and removed all claims except for those relating Haier's model HNCM070E 7.0 cubic foot freezer. After briefing on Plaintiffs' motion for leave to file the SCAC was complete, but before the court ruled on that motion, the parties requested a stay of the action so that they could engage in settlement negotiations. The court granted the stay, Plaintiffs voluntarily dismissed GE as a defendant, and Plaintiffs and HAT arrived at a negotiated settlement. See Dkt. Nos. 69, 74, 76. On April 5, 2013, the parties filed the instant Motion for Preliminary Approval of Class Action Settlement. Dkt. No. 80.

**b. The Settlement Agreement**

The complete terms of the proposed settlement agreement ("Agreement") are set forth in the Agreement itself. See Dkt. No. 80-1 Ex. 1. Its key provisions are as follows:

2

Case No.: 5:11-CV-02911-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### 1. Class Definition

The proposed settlement class ("Settlement Class") consists of all end-user persons in the United States who purchased one or more of the Haier model HNCM070E, 7.0 cubic foot compact chest freezers ("Freezers") manufactured on or after June 1, 2009. The class encompasses all end-user purchasers of the Freezers, not just those persons who purchased one of the approximately 15% of units affected by the potential defect ("Affected Units"). Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of HAT or its subsidiaries and affiliated companies, as well as the undersigned and his staff.

### 2. Settlement Amount

HAT will contribute a maximum of $2,950,000 into a settlement fund for payments to class members who submit valid claims. The settlement fund will be established with a minimum non-reversionary payment of $1,000,000, and HAT will contribute any additional amounts necessary to satisfy valid claims up to $2,950,000. In the event that the settlement fund is insufficient to pay all valid claims, the claims will be paid on a pro rata basis. If the total value of valid claims does not reach $1,000,000, then any remaining portion of the $1,000,000 will be used to increase the originally calculated payments to class members, on a pro rata basis, for a total of up to 300% of the originally calculated payments. Should any portion of the $1,000,000 remain after the increased payments to class members, including any payments returned to the administrator as undeliverable, that portion will be paid in equal shares to three non-profit organizations: (1) the Alliance to Save Energy; (2) research and education projects of the American Council for an Energy Efficient Economy; and (3) Consumers Union of United States, Inc.

### 3. Class Member Benefits

Class members may choose one of two benefits from the Settlement Fund:

Option 1: Class members who submit a valid claim will receive a lump sum cash payment in the amount of $50.00-$150.00 without having to provide proof that their Freezers are Affected Units.

Option 2: Class members who can prove they own an Affected Unit will receive a lump sum cash payment in the amount of $108.60-$325.80. To qualify for this benefit, the class member must

3

Case No.: 5:11-CV-02911-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

submit a valid claim and allow a HAT-authorized technician (at HAT's expense) to access the premises where the unit is used on two occasions to install and remove an energy reading meter on the unit. If the unit is determined to be an Affected Unit, then the class member will receive the lump sum cash payment. If the unit is not an Affected Unit, the class member receives no cash payment.

The amount of each cash payment will depend on the number and amount of authorized claims submitted, as described in the previous section.

### 4. Notice

The Agreement provides for multiple notice distribution methods. The claims administrator will directly mail the long-form notice and a Proof of Claim form to all class members whose address information exists in HAT's registration/warranty or drop-ship address database. In the event a class member's notice is returned as undeliverable, Class Counsel will update that class member's address using available U.S. Postal Service change-of-address information, and will re-mail the notice to the updated address within ten days of the return. The administrator will also e-mail the long-form notice and a Proof of Claim form to each class member whose e-mail address information exists in HAT's registration/warranty database. Additionally, the Agreement provides that a summary notice will be published on one occasion on or before the notice date in USA Today and Good Housekeeping magazines. The Administrator will also design and maintain a settlement website, www.haierfreezersettlement.com, which will contain the settlement documents in both Spanish and English, an online claim form, and a list of important dates.

### 5. Claims Procedure

To receive a payment under either option, each class member must submit a Proof of Claim Form. The form requires the class member to provide the model number and serial number of his or her freezer, select either the $50 or $108.60 cash payment option, and sign under penalty of perjury. Class members can submit forms either through the U.S. Mail or online at the settlement website. Assistance will be available in both Spanish and English via a toll-free number. See Dkt. No. 83.

4

Case No.: 5:11-CV-02911-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### 6. Settlement Administration Costs

HAT will directly pay the administrator handling the administration of the settlement for all reasonable costs and expenses of providing notice to the Settlement Class.

### 7. Attorneys' Fees and Costs

The Agreement authorizes Class Counsel to apply to the court for an award of attorney's fees and expenses not to exceed $922,000. The payment of attorneys' fees and expenses is separate from and in addition to the other relief afforded the Settlement Class members in the Agreement.

### 8. Class Representative Enhancement Payment

In addition to the relief afforded all class members, the Agreement authorizes Class Representatives Linda Von Harten and Nancy Wilson ("Class Representatives") to seek incentive payments up to a maximum of $6,000 each. HAT has agreed to make such payments in lieu of statutory fees the named plaintiffs might otherwise have been entitled to recover.

### 9. Released Claims

The Agreement provides for a specific release of claims or causes of action based on or related to the Freezers.

## II. LEGAL STANDARD

A class action may not be settled without court approval. Fed. R. Civ. P. 23(e). When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). At the preliminary stage, the court must first assess whether a class exists. Id. (citing Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 620 (1997)). Then, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). If the court preliminarily certifies the class and finds the proposed settlement fair to its members, the court schedules a fairness hearing where it will make a final

determination of the class settlement. Okudan v. Volkswagen Credit, Inc., No. 09-CV-2293-H (JMA), 2011 U.S. Dist. LEXIS 84567, at *6 (S.D. Cal. Aug. 1, 2011).

### III. DISCUSSION

#### a. Class Certification

##### i. Rule 23(a)

In order to achieve class certification, the proposed class must meet the numerosity, commonality, typicality, and adequacy of representation requirements of Federal Rule of Civil Procedure 23(a). See Fed. R. Civ. Proc. 23(a); Staton v. Boeing, 327 F.3d 938, 953 (9th Cir. 2003). Here, the factors support class certification. First, the class definition is estimated to cover 59,000 people. This number renders the class "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Second, all of the class members' claims arise from a common nucleus of facts and are based on the same legal theories. In fact, all the causes of action and legal theories in this case are common to all class members. Each class member purchased a Freezer bearing an ENERGYGUIDE label and Plaintiffs only bring claims based on that label's alleged understatement of the Freezers' energy consumption. These claims are thus capable of class-wide resolution in keeping with Federal Rule of Civil Procedure 23(a)(2). See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). Third, the Class Representatives claims are typical of the classes' claims; in fact, the claims are substantially identical. Under these circumstances, the typicality requirement is handily met. Fed. R. Civ. P. 23(a)(3). Finally, Class Counsel are experienced and active practitioners who have vigorously and competently pursued this litigation for nearly two years and the Class Representatives have shown a strong interest in proving the class's claims and achieving redress of their grievances. Additionally, neither Class Counsel nor the Class Representatives appear to have any conflicts of interest with any other class members. Given these qualifications and the lack of conflicts of interest, both Class Counsel and the Class Representatives adequately represent the class to the satisfaction of Rule 23(a)(4). See Staton, 327 F.3d at 958. Accordingly, each of Rule 23(a)'s requirements for class certification is met in this case.

### ii. Rule 23(b)

In addition to satisfying the prerequisites of Rule 23(a), Plaintiffs must also meet the strictures of Rule 23(b)(3) in order to achieve certification. See Amchem, 521 U.S. at 614. Under Rule 23(b)(3), the court must find "that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As discussed in the court's analysis of Rule 23(a)(2)'s commonality requirement, this litigation primarily focuses on questions common to the class as a whole. In fact, no individual questions have been brought to the court's attention. Because the claims in this case can be resolved for all members in a single adjudication, Rule 23(b)(3)'s predominance requirement is met. See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 944 (9th Cir. 2009). As to superiority, the alternative to class certification in this case would be either hundreds of separate proceedings, risking significant expense and inconsistent judgments, or abandonment of claims by most class members because the amount of individual recovery is relatively small, especially vis à vis the costs of litigating a class member's individual claims. Under these circumstances, a class action is clearly the superior vehicle for addressing these claims. See Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d 1168, 1175-76 (9th Cir. 2010).

Having found that all of Rule 23's requirements have been met, the court hereby conditionally certifies the Settlement Class for the purposes of settlement.

### b. Preliminary Fairness Determination

The court must next examine the proposed settlement and make a preliminary finding of fairness. Fed. R. Civ. P. 23(e). A class action settlement may be approved only based on a finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir.2008) (citation omitted).

"The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." <u>Officers for Justice v. Civil Serv. Comm'n</u>, 688 F.2d 615, 625 (9th Cir. 1982). The burden to demonstrate fairness falls upon the proponents of the settlement. <u>Staton</u>, 327 F.3d at 959; <u>see also</u> <u>Officers for Justice</u>, 688 F.2d at 625. Relevant factors for the court to consider include: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed; the stage of the proceedings; and the experience and views of counsel. <u>Staton</u>, 327 F.3d at 959. "[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." <u>Hanlon</u>, 150 F.3d at 1026.

This case has been ongoing for nearly two years, and the parties arrived at this settlement after significant investigation and arms-length negotiation. Plaintiffs narrowed their claims at least twice in response to information they received from HAT and GE. The parties clearly contemplated the risk, expense, and delay posed by continued litigation. Though HAT denies any wrongdoing or liability, it agrees with the settlement insofar as it serves to avoid the delays and risks inherent to a trial and appeal. Moreover, the settlement provides a significant, easy-to-obtain benefit to class members: $50.00-$325.80 cash payment per unit to each class member who submits a valid claim. For these reasons, the court is satisfied that the proposed settlement is fair and that it should be approved.

**c. Notice of Class Certification and Settlement Administration**

Finally, the court must consider the sufficiency of the parties' notice plan. Pursuant to Rule 23(e)(1) reasonable notice must be given to all class members who would be bound by the settlement. The court must ensure that the parties' notice plan provides for "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" and that the notice itself explains in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to

8

Case No.: 5:11-CV-02911-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1 appear through individual counsel, procedure to request exclusion, and the binding nature of the
2 class judgment. Fed. R. Civ. P. 23(c)(2)(B).

3       Here, the parties have already chosen a claims administrator and have submitted both a long-form and summary notice for the court's review. These notices contain all of the elements required by Rule 23(c)(2)(B) and present the requisite information in clear, easy to understand language. As set forth in Section I.b.4, the parties will both directly mail and e-mail a long-form notice and a Claim Form directly to end-user purchasers for whom HAT has address information. For any mail notice returned as undeliverable, Class Counsel will update that class member's address information using available U.S. Postal Service change of address information and re-mail the notice within ten days. Publication notice will be achieved through a one-time publication in Good Housekeeping and USA Today magazines. All settlement documents will also be available in Spanish and English on a website maintained exclusively for this settlement.

      The court finds that the content of the notice and the notice plan satisfies Rule 23's standards. Additionally, the Proof of Claim form attached as Exhibit C to the Settlement Agreement is hereby approved. See Declaration of Timothy Fisher ISO Pl. Mtn for Prelim. Approval Ex. 1 at Settlement Agreement Ex. C, Dkt. No. 80-1.

**IV. ORDER**

      In light of the foregoing, the court GRANTS Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and ORDERS as follows:

1. This action is certified as a class action for settlement purposes only pursuant to subsections (a) and (b)(3) of Federal Rule of Civil Procedure 23.
2. The stipulation of settlement is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).
3. Plaintiffs Linda Von Harten and Nancy Wilson are appointed as adequate class representatives for settlement purposes only.
4. Faruqi & Faruqi, LLP and Bursor & Fisher, P.A. are appointed as co-lead counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

9
Case No.: 5:11-CV-02911-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

5. The content of the claims administration long-form notice, as presented in Docket Item Number. 83, as well as the short-form notice and Claim Form as presented in Docket Item Number. 80-1, are approved pursuant to subsections (c)(2)(B) and (e) of Federal Rule of Civil Procedure 23. The court directs the posting and mailing of the notices and forms in accordance with the schedule and procedures set forth in the settlement agreement.

6. Any class member who seeks to be excluded from the settlement must send a request by first class mail postmarked **on or before September 6, 2013**. Objections by any settlement class member to the terms of the settlement or the certification of settlement class, the payment of fees to class counsel, or entry of final judgment shall be heard and considered by the court only if, **on or before September 6, 2013**, such objector files with the court a notice of the objection, submits documentary proof that he or she is a member of the settlement class, states the basis for the objection, and serves copies of the objection and all supporting documents on all counsel for the settlement class, as designated above. In order to be considered at the hearing, all objections must be actually received by counsel for the settlement class **on or before September 6, 2013**.

7. The hearing on final approval of class action settlement is scheduled for **October 25, 2013 at 9:00 a.m.** before this court. Class Counsel shall file brief(s) requesting final approval of the settlement, an award of reasonable attorneys' fees and costs, and an award of reasonable class representative enhancement fees not later than 35 calendar days before the final approval hearing, and shall serve copies of such papers upon each other and upon any objectors who have complied with the objection procedure stated above.

**IT IS SO ORDERED**

Dated: May 21, 2013

_____
EDWARD J. DAVILA
United States District Judge

10

Case No.: 5:11-CV-02911-EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT